# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-1972

RECEIVED
BY MAIL
AUG 15 2005
CLERK US DIST COURT
ST. PAUL, MN

United States of America, *
*
Appellee, *
*
v. * Appeals from the United States
* District Court for the
Stepfon C. Killingsworth, * District of Minnesota.
*
Appellant. *

CR 02-409(1) RHK/AJB

No. 04-1973

United States of America, *
*
Appellee, *
*
v. *
*
Ronald Williams, *
*
Appellant. *

SCANNED
AUG 15 2005
U.S. DISTRICT COURT ST. PAUL

Submitted: December 15, 2004
Filed: July 6, 2005

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and RILEY, Circuit Judges.

---

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Stepfon Killingsworth pleaded guilty to one count of possessing cocaine base (crack cocaine) with the intent to distribute it, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B). He appeals his sentence, arguing that the district court erred in calculating his offense level based on relevant conduct that he contested at a pre-sentencing evidentiary hearing before the district court. We affirm.

Ronald Williams pleaded guilty to one count of conspiring to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and one count of distributing it, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A). He challenges the validity of his guilty plea, the district court's calculation of the applicable United States Sentencing Guidelines range, and the constitutionality of his sentence. We affirm his guilty-plea conviction, but we vacate his sentence and remand to the district court for resentencing.

I.

For purposes of sentencing Mr. Killingsworth, the district court attributed to him a larger drug quantity than the amount to which he pleaded guilty to possessing. The district court derived the larger quantity from Mr. Killingsworth's criminal activity jointly undertaken with Mr. Williams, which under U.S.S.G. § 1B1.3 is relevant conduct that must be included when calculating Mr. Killingsworth's base offense level. The district court also declined to grant Mr. Killingsworth a minor-participant reduction in his offense level, *see* U.S.S.G. § 3B1.2(b).

Although Mr. Killingsworth asserts that the district court lacked sufficient evidence to support its findings, the district court did not err. The record contains evidence that Mr. Williams did not complete one drug transaction with a government

informant until after Mr. Killingsworth arrived on the scene with the drugs; that Mr. Killingsworth went to Mr. Williams's apartment building following another drug transaction between Mr. Williams and the informant and drove Mr. Williams around the block before dropping him off back at his apartment building; that Mr. Killingsworth told the informant to call him after the informant inquired about future drug transactions; and that a search of Mr. Killingsworth's apartment produced a digital scale, crack cocaine, and powder cocaine.

Further, Mr. Williams testified at his change-of-plea hearing that Mr. Killingsworth was one of his sources of drugs, that he conspired with Mr. Killingsworth to sell crack cocaine, and that Mr. Killingsworth worked with a third co-conspirator, Alvin Lockridge, who also supplied Mr. Williams with drugs. Additionally, telephone records reveal that Mr. Killingsworth communicated frequently with Messrs. Lockridge and Williams around the time of drug transactions between Mr. Williams and the informant. Although when called as a witness at Mr. Killingsworth's pre-sentencing evidentiary hearing Mr. Williams contradicted the testimony that he had given at his change-of-plea hearing, the district court found Mr. Williams's subsequent testimony incredible. A district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility. *See United States v. Adipietro*, 983 F.2d 1468, 1472 (8th Cir. 1993). And we see no clear error here, where the district court, before concluding that Mr. Williams's recantation was not worthy of belief, had witnessed him testify at both his change-of-plea hearing and Mr. Killingsworth's evidentiary hearing. *Cf. United States v. Kessler*, 321 F.3d 699, 703 (8th Cir. 2003).

Overall, the district court had sufficient facts to find by a preponderance of the evidence, *see United States v. Petersen*, 276 F.3d 432, 437 (8th Cir. 2002), that Mr. Killingsworth participated in criminal activity with Mr. Williams and Mr. Lockridge and was therefore responsible for the quantity of drugs involved in the jointly undertaken criminal activity. The same facts also show that Mr. Killingsworth was

"deeply involved" in the drug conspiracy that included Messrs. Lockridge and Williams, which renders Mr. Killingsworth ineligible for the minor-participant reduction in § 3B1.2(b). *See United States v. Thompson*, 60 F.3d 514, 518 (8th Cir. 1995) (internal quotations omitted).

Finally, Mr. Killingsworth maintains that the district court violated his sixth amendment rights by finding facts that increased his sentence beyond the range that would have applied had the court taken into account only the facts admitted to in his plea agreement. *See United States v. Booker*, 125 S. Ct. 738, 749-51 (2005). Because Mr. Killingsworth raises this issue for the first time on appeal, we review for plain error. *See United States v. Pirani*, 406 F.3d 543, 548-50 (8th Cir. 2005) (en banc). The district court sentenced Mr. Killingsworth before the Supreme Court's decision in *Booker* and erred by not sentencing him under the advisory-guidelines scheme set out in that case. *See Pirani*, 406 F.3d at 550. Nevertheless, Mr. Killingsworth has not "demonstrated a reasonable probability that he would have received a more favorable sentence with the *Booker* error eliminated," *Pirani*, 406 F.3d at 551; nothing in the record indicates that the district court had any qualms about the sentence that it imposed. Mr. Killingsworth therefore does not meet the requirements for plain-error relief. *See id.* at 550-54.

II.

A.

Mr. Williams was charged in the same bill of indictment as was Mr. Killingsworth, but Mr. Williams entered into a separate plea agreement with the government. He attacks the validity of his guilty plea, arguing that, had he not pleaded guilty, he would have had a sixth amendment right to a jury's determination of every element of his offense beyond a reasonable doubt, including drug quantity. Because the district court failed to inform him of his alleged right to have a jury determine drug quantity, he contends that his guilty plea was not knowing and

voluntary. *See United States v. Perez*, 270 F.3d 737, 739-40 (8th Cir. 2001), *cert. denied*, 535 U.S. 945 (2002). Since Mr. Williams's case was briefed and argued, the Supreme Court decided *Booker*, 125 S. Ct. at 750, in which it held that judicial fact-finding in the process of calculating the applicable sentencing guidelines range does not violate a defendant's sixth amendment rights, provided the range is not binding on the sentencing court. Mr. Williams's guilty plea is therefore valid, since he had no sixth amendment right to have a jury determine the drug quantity that establishes the applicable offense level under the sentencing guidelines.

B.

Mr. Williams also assigns several errors regarding his sentence. He asserts first that the district court erred when it increased his offense level for obstructing justice, *see* U.S.S.G § 3C1.1. Relying on *United States v. Dunnigan*, 507 U.S. 87, 95-96 (1993), he maintains that the district court did not make the necessary factual findings to support an obstruction-of-justice adjustment for perjury. *Dunnigan*, however, requires a district court to set forth certain predicates for a finding of perjury "if a defendant objects to a sentence [adjustment] resulting from her ... testimony," *id.* at 95, and Mr. Williams never objected to the finding that he obstructed justice. Instead his counsel asked the court to spare Mr. Williams the upward adjustment because Mr. Williams's family pressured him into lying about whether his nephew, Mr. Killingsworth, was involved in Mr. Williams's drug conspiracy. *Dunnigan* therefore has no application here.

Mr. Williams also contends that his perjury cannot give rise to an obstruction-of-justice adjustment since the perjury occurred in a proceeding that involved another defendant, *i.e.*, Mr. Killingsworth's pre-sentencing evidentiary hearing. The sentencing guideline that mandates an adjustment for obstructing justice requires that obstructive conduct that "related to ... a closely related offense" also occur "during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Although this latter phrase could plausibly be read

to exclude obstructive conduct in a proceeding not involving Mr. Williams, an application note to § 3C1.1, as well as the sentencing commission's stated "[r]eason for" adding the note and otherwise amending § 3C1.1 in 1998, clarify that the phrase "during the course" is merely a temporal constraint. *See* U.S.S.G. § 3C1.1, comment. (n.1); U.S.S.G. App. C., amend. 581 (reason for amend.). We agree with the conclusion that, as long as the "investigation, prosecution, or sentencing of the instant offense of conviction" is ongoing, *see* U.S.S.G. § 3C1.1, the adjustment "would apply if the defendant obstructed justice in a co-defendant's case." *United States v. Burke*, 345 F.3d 416, 428-29 (6th Cir. 2003), *cert. denied*, 541 U.S. 966 (2004). *See also United States v. O'Dell*, 204 F.3d 829, 836 n.4 (8th Cir. 2000); *United States v. Verdin*, 243 F.3d 1174, 1180 (9th Cir. 2001), *cert. denied*, 534 U.S. 878 (2001). This would include perjury that was "immaterial to [the defendant's] *own* sentence and conviction" because it was made during his testimony at the criminal proceeding of his co-defendant. *See United States v. Messino*, 382 F.3d 704, 708 (7th Cir. 2004). The district court therefore did not err in increasing Mr. Williams's offense level for obstructing justice.

Mr. Williams next asserts that the district court erred in denying him a two-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. When a district court enhances a defendant's sentence for obstructing justice, the court may reduce that defendant's sentence for acceptance of responsibility only in "extraordinary cases." *Id.* at comment. (n.4). The defendant did admit to his role in the offense to which he pleaded guilty, but he perjured himself in an attempt to exonerate one of his co-conspirators. Our court previously has held that a defendant who perjures himself at trial by taking sole responsibility for conduct that gave rise to charges against him and his co-defendants does not present an extraordinary case meriting a reduction for acceptance of responsibility simultaneous with an enhancement for obstructing justice. *See United States v. Molina*, 172 F.3d 1048, 1059 (8th Cir. 1999), *cert. denied*, 528 U.S. 893 (1999). We therefore affirm the district court's denial of the reduction in this case.

Finally, Mr. Williams argues for the first time on appeal that the district court violated his sixth amendment rights by sentencing him under the guidelines and by finding facts that enhanced his sentence. As was the case with Mr. Killingsworth, to obtain plain-error relief Mr. Williams must "demonstrate[] a reasonable probability" that he would have received a lesser sentence if he had been sentenced under the advisory-guidelines scheme set out in *Booker*. *See Pirani*, 406 F.3d at 548-51. The district court sentenced Mr. Williams at the bottom of the applicable guidelines range (262 months), and although this fact alone does not give rise to "a reasonable probability" that his sentence would have been shorter, *see id.* at 553, the district court's comments about Mr. Williams's sentence show that such a probability exists. The district court twice described Mr. Williams's sentence as "a very steep punishment." Indeed, before giving counsel an opportunity to argue about where it should sentence Mr. Williams within the applicable guidelines range, the court declared, "I have no intention of sentencing the defendant other than at the low end of the guidelines. I think 262 months in prison is obviously a severe, long penalty. I am, frankly, sorry that both the defendant and the Court find themselves in that situation here today." In explaining to Mr. Williams how it arrived at his "very steep" sentence, the district court said, "I have to exercise my discretion in terms of [applying the guidelines]. I have done that, but once having [applied the guidelines], then I'm bound by whatever those numbers turn out to be." Thus the district court seemed discontent with the sentence that Mr. Williams received, but believed that its hands were tied by the mandatory character of the guidelines. This is the kind of error that affects a defendant's substantial rights. *See United States v. Rodriguez-Ceballos*, 407 F.3d 937, 941 (8th Cir. 2005); *Pirani*, 406 F.3d at 553 n.6.

Mr. Williams still cannot obtain plain-error relief, however, if the district court's error did not " 'seriously affect[] the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Olano*, 507 U.S. 725, 732 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). The prospect that Mr. Williams's sentence is much more severe than what the district court would have

imposed pursuant to the advisory guidelines and the other considerations set out in 18 U.S.C. § 3553(a) satisfies this last element of plain error. *See Rodriguez-Ceballos*, 407 F.3d at 941-42. We therefore vacate Mr. Williams's sentence.

III.

We affirm Mr. Killingsworth's sentence and Mr. Williams's guilty plea, but we vacate Mr. Williams's sentence and remand to the district court for resentencing under *Booker*.

---