UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. CR 02-409(1) (RHK/AJB)

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. )
)
RONALD WILLIAMS, )
)
Defendant. )

**DEFENDANT'S SENTENCING MEMORANDUM**

The Court of Appeals has remanded this case pursuant to United States v. Booker, 125 S.Ct. 738 (2005), on the grounds this Court originally sentenced Defendant Ronald Williams based on an assumption that it no discretion to depart below the sentencing range calculated under the United States Sentencing Guidelines. The Court is no longer bound by the U.S. Sentencing Guidelines. Sentencing is now based on factors set forth under 18 U.S.C. § 3553(a), which provides that "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The sentencing guidelines in the instant case result in an extremely unjust sentence due to a variety of factors, including but not limited to the discriminatory and unduly harsh 100:1 crack/powder cocaine ratio, the overstatement of Mr. Williams' criminal history, and the extenuating circumstances that led to an enhancement for obstruction of justice and denial of acceptance of responsibility. Based on the specific factors set forth under § 3553(a) as well as the ultimate purpose of

imposing a sentence sufficient but not greater than necessary, a drastically lower sentence is warranted in Mr. Williams' case.[1]

## I. THE SENTENCING GUIDELINES IMPOSE AN ABSURD SENTENCE.

### A. The 100:1 Crack/Powder Cocaine Ratio should be Disregarded.

Mr. Williams was found to be responsible for 247.67 grams of crack cocaine that was seized, thereby resulting in a base offense level of 34. The same amount of powder cocaine would have resulted in a base offense level of 20. U.S.S.G. § 2d1.1(c)(10). If a base offense level of 14 points lower was applied along with all of the Court's other sentencing guidelines calculations, Mr. Williams' sentencing range under the guidelines would be 63-78 months.

Since the Booker decision, numerous district courts have determined that the 100:1 crack powder cocaine ratio cannot be justified under the factors set forth in § 3553(a), and have therefore imposed more lenient sentences than the recommendations of the sentencing guidelines. See e.g. United States v. Perry, C.R. No. 04-089S 2005 WL 2260196 (D. R.I., September 16, 2005)(applies 20:1 ratio); United States v. Beamon, 373 F.Supp.2d 878, 887 (E.D. Wis. 2005)(applies a 20:1 ratio); United States v. Leroy, 373 F.Supp.2d 887, 896 (E.D. Wis 2005)(applies a 20:1 ratio); United States v. Simon, 361

---

[1] Mr. Williams intend to preserve for possible further appellate review his objections addressed on appeal regarding sentencing guidelines calculations and the validity of his underlying plea. For purposes of re-sentencing, however, Mr. Williams limits his arguments to the framework set by the 8th Circuit's decision.

F.Supp.35, 49 (E.D. N.Y. 2005)(advocates a 10:1 or 20:1 ratio); United States v. Fisher, No. S3 03 CR 1501 (S.D. N.Y. October 11, 2005)(applies 10:1 ratio).

The other district court decisions cite reports of the Sentencing Commission which have repeatedly found that the crack/powder cocaine disparities are unjustified and recommended their elimination or reduction. The Commissioners unanimously agreed upon the recommendation of a 1:1 equivalence between crack and powder cocaine. United States Sentencing Commission, *Special Report to the Congress: Cocaine and Federal Sentencing Policy* (1995)(cited e.g. in Simon, 361 F.Supp.2d at 45). After Congress rejected the amendment, the Commission submitted another report in 1997 that recommended a 5:1 ratio. United States Sentencing Commission, *Special Report to the Congress: Cocaine and Federal Sentencing Policy 2* (1997)(cited in Simon, 361 F.Supp.2d at 45). Another report by the Sentencing Commission in 2002 declared that the 100:1 ratio "fails to meet the sentencing objectives set forth by Congress," and that the ratio targeted all crack offenders "even though sentencing data demonstrates that the overwhelming majority of federal crack offenders are not involved in such conduct." *Special Report to the Congress: Cocaine and Federal Sentencing Policy 10* (2002) at 91-92, (cited in Simon, 361 F.Supp.2d at 45-46). The 2002 report recommended a 20:1 ratio.

The crack cocaine disparity has no justification in the instant case. Mr. Williams was not involved in any conduct that was more harmful than in any a typical case

involving distribution of powder cocaine. A 1:1 ratio is therefore most just and appropriate. A 10:1 ratio would still reduce the based offense level by six points. U.S.S.G. § 2d1.1(c)(6).

**B. <u>The Criminal History Category under the Guidelines is Unreasonable</u>.**

Mr. Williams' criminal history was category under the sentencing guidelines was calculated as a IV. This was based on numerous prior DWI offenses, a prostitution conviction, disorderly conduct and disorderly house. This criminal history simply does not suggest that Mr. Williams is the sort of serious repeat offender which would justify such an elevated criminal history category. He had no prior felony convictions. None of the actual misdemeanor convictions were in any way similar to the instant offense. His misdemeanor sentence does not suggest any pattern of recidivism in relation to the underlying drug offense, and does not indicate that he poses any serious danger to the community. A more realistic assessment of Mr. Williams' criminal history based on his individual situation compels a substantially lower enhancement of his sentence.

**C. <u>The Sentencing Increase Resulting from Obstruction of Justice is Unjustified under the Circumstances of this Case</u>.**

The Court applied a two point obstruction of justice enhancement based on its determination that Mr. Williams provided false testimony at his nephew co-defendant's hearing. The Court did not reducing his offense level by three points for acceptance of responsibility, despite his admission to the offense and recommendation of the presentence report, because the sentencing guidelines prohibit this reduction where there

has been a finding of obstruction of justice. The net result was a five point increase in Mr. Williams' offense level. The huge resulting increase in Mr. Williams' sentence in unreasonable based on his specific situation. It was clear and undisputed that Mr. Williams' recanted his testimony about the culpability of his nephew in response to enormous family pressure and his own feelings of guilt.[2] The refusal to inculpate a family member does not demonstrate the sort contempt or manipulation of the court embodied in a typical act of obstruction. His actions under these circumstances did not contradict his acceptance of responsibility. A reasonable determination of Mr. Williams' sentence would not penalize him for obstruction, and at the very least, would give him credit for acceptance of responsibility.

## II. APPLICABLE § 3553(a) WARRANT A SENTENCE NO HIGHER THAN THE MANDATORY MINIMUM.

Section 3553(a) sets forth the following factors that must be considered by a sentencing court in imposing every sentence:

> *(1) the nature and circumstances of the offense and the history and characteristics of the defendant;*

As explained above, Mr. Williams' offense is no different from that of a typical act of cocaine distribution. A greater penalty because it involved crack cocaine is unwarranted. Mr. Williams did not commit the offense out of greed or as any sort of predatory drug entrepreneur, but to support his own drug addiction. Mr. Williams had no

---

[2] Mr. Willaims' testimony ultimately did not affect the Court's findings regarding the culpability of his co-defendant.

prior criminal history involving drug trafficking. This was therefore an isolated incident that does not justify a harsh sentence. Mr. Williams' prior criminal history consists exclusively of misdemeanors without any resemblance to the instant offense. His past does not support a harsh sentence.

*(2) the need for the sentence imposed–*

> *(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;*
>
> *(B) to afford adequate deterrence to criminal conduct;*
>
> © *to protect the public from further crimes of the defendant; and*
>
> *(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;*

The statutory mandatory minimum sentence ten years is already far greater than necessary to achieve all of these purposes. It is already a harsh sentence for a first drug offense that was a typical offense with no aggravating circumstances. The mandatory minimum sentence is severe enough to deter criminal conduct and protect the public from any further crimes by Mr. Williams. It is more than any time needed for educational or vocational training, chemical dependency treatment and any other correctional treatment.

*(3) the kinds of sentences available;*

Unfortunately, the only sentences available are different periods of incarceration.

*(4) the kinds of sentence and the sentencing range established for–*

> (A) *the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .*

This factor is outweighed by other factors which provide a better determination of a reasonable sentence for reasons stated in Argument I above.

*(5) any pertinent policy statement under the Sentencing Guidelines*

This factor is outweighed by other factors which provide a better determination of a reasonable sentence for reasons stated in Argument I above.

*(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and*

The co-defendant already received a substantially shorter sentence than available to Mr. Williams. Other defendants can be found with similar records and similar conduct who receive sentences at or lower than the mandatory minimum. In particular, a defendant convicted of selling the same amount of powder cocaine with all other circumstances being equal, would have a sentencing guideline range of 63-78 months.

*(7) the need to provide restitution to any victims of the offense.*

Not applicable.

**CONCLUSION**

The sentencing guideline range in this case results in a sentence that is extremely unreasonable and unjust. Any moderate consideration of Mr. Williams' personal circumstances, the circumstances of the offense, and the mitigation of the huge and

unwarranted disparity in penalties between crack and powder cocaine necessarily compels a greatly reduced sentence. A reduction of sentencing guidelines levels based on the crack disparity, Mr. Williams' acceptance of responsibility, and his exaggerated criminal history results in a revised guideline sentence of under the mandatory minimum sentence of ten years. This mandatory minimum sentence is itself greater than necessary to meet the applicable factors under 18 U.S.C. § 3553(a).

Respectfully submitted,

Dated: October 27, 2005

By s/Jordan S. Kushner

Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545