# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 05-4026

---

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Ronald Williams, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

---

Submitted: March 12, 2007
Filed: March 20, 2007

---

Before RILEY, BOWMAN, and ARNOLD, Circuit Judges.

---

PER CURIAM.

Ronald Williams pleaded guilty to one count of conspiring to distribute crack cocaine, see 21 U.S.C. §§ 841(a)(1) and 846, and one count of distributing crack cocaine, see 21 U.S.C. § 841(a)(1). Williams was originally sentenced to 262 months of imprisonment, but this Court remanded for resentencing after United States v. Booker, 543 U.S. 220 (2005). See United States v. Killingsworth, 413 F.3d 760 (8th Cir.), cert. denied, 126 S. Ct. 633 (2005). At resentencing, the District Court[1] calculated an advisory guidelines range of 262 to 327 months of imprisonment and

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

sentenced Williams to 204 months of imprisonment. Williams appeals, arguing that his sentence is unreasonable. We affirm.

After Booker, a sentencing court must first determine the applicable guidelines range. United States v. Haack, 403 F.3d 997, 1002–03 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005). Next, the court should decide whether any traditional departures under the guidelines are appropriate. Id. at 1003. Finally, the court must consider the 18 U.S.C. § 3553(a) factors to determine whether to impose a non-guidelines sentence. Id. We review the ultimate sentence for reasonableness. United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005). In determining whether the sentence is reasonable, we ask if the district court abused its discretion, considering whether: (1) the court failed to consider a relevant factor that should have received significant weight; (2) the court gave significant weight to an improper or irrelevant factor; or (3) the court considered only the appropriate factors but in weighing those factors committed a clear error of judgment. Haack, 403 F.3d at 1003–04 (citation and quotations omitted).

Williams contends that his sentence is unreasonable for three reasons: first, the 100:1 crack/powder cocaine ratio creates an unwarranted sentencing disparity; second, his criminal history is overstated; and third, the District Court did not adequately consider the § 3553(a) factors. Williams also contends that the District Court abused its discretion by failing to give "any consideration" to these arguments. Appellant's Br. at 9. Finally, Williams reasserts the arguments that he advanced and this Court rejected in his first appeal. These arguments concerned the validity of his guilty plea, the constitutionality and accuracy of his obstruction-of-justice enhancement, and the propriety of the District Court's refusal to grant an acceptance-of-responsibility reduction. See Killingsworth, 413 F.3d at 764–65.

Williams's argument regarding the disparity created by the crack/powder cocaine ratio is without merit. This Court recently held that "neither Booker nor

§ 3553(a) authorizes district courts to reject the 100:1 quantity ratio and use a different ratio in sentencing defendants for crack cocaine offenses." United States v. Spears, 469 F.3d 1166, 1176 (8th Cir. 2006) (en banc). Spears reiterated the conclusion of previous panels that sentences within the guidelines range are not unreasonable solely on account of the crack/powder disparity. See, e.g., United States v. Brown, 453 F.3d 1024, 1027 (8th Cir. 2006); United States v. Cawthorn, 429 F.3d 793, 803 (8th Cir. 2005). The District Court adequately considered and rejected Williams's argument that it should apply a smaller ratio and correctly stated, "[O]bviously the Congress of the United States . . . [has not] reached that conclusion." Sent. Tr. at 17–18.

Williams's argument that his criminal history is overstated also fails. The District Court properly determined a criminal history category of IV based on Williams's prior convictions that included a prostitution offense, disorderly conduct, and multiple DWI convictions. We do not agree that Williams's criminal history was overstated or that the District Court failed to adequately consider this argument.

Williams's final argument that the District Court failed to properly consider the § 3553(a) factors is wholly incorrect. The District Court provided much more than a rote rehearsal of these factors; in fact, it meticulously considered each factor in light of the circumstances of this case before ultimately arriving at the sentence of 204 months. We are firmly convinced that the sentence the District Court imposed is reasonable.

We do not consider the arguments again raised by Williams after their rejection in the first appeal, because the law-of-the-case doctrine applies. See United States v. Palmer, 297 F.3d 760, 766 (8th Cir. 2002), cert. denied, 537 U.S. 1143, cert. denied, 537 U.S. 1213, and cert. denied 538 U.S. 937 (2003).

Accordingly, we affirm the District Court.

______________________________