# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
_____

United States of America,          Criminal No. 02-409(1) (RHK/AJB)

       Plaintiff,           **ORDER**

v.

Ronald Williams,

       Defendant.
_____

Before this Court is the Defendant's Rule 60(b) Motion (Doc No. 186) and his Motion for Re-Sentencing Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 188). In May 2003, Defendant entered a guilty plea to conspiracy to distribute crack cocaine and distribution of crack cocaine. He was sentenced to a term of 262 months on each of the two counts, to be served concurrently. Based upon United States v. Booker, 543 U.S. 220 (2005), Defendant was subsequently resentenced to 204 months on each count to be served concurrently. He later received a reduction of his sentence to 148 months following an amendment to the crack cocaine guidelines which lowered his applicable guideline range from 262 to 327 months to 210 to 262 months. The sentence was affirmed by the Eighth Circuit. Thereafter, Defendant filed a Section 2255 Motion which this Court denied on October 14, 2011.

On October 24, 2011, Defendant filed a pro se Rule 60(b) Motion asserting the same equal protection and ineffective assistance of counsel claims that he made in his Section 2255 Motion. The Court will construe the Rule 60(b) Motion as a second or subsequent Section 2255 motion. Such a motion may not be filed in the District Court without approval of the

Eighth Circuit. 28 U.S.C. § 2255(h).  The Motion will therefore be dismissed.  Even were the Court to address the Motion on the merits, the Motion would be denied for the reasons set forth in its October 14, 2011, Order.

On October 30, 2011, Defendant, through counsel, filed a Motion for Re-Sentencing in which he seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Defendant correctly notes that his applicable guideline range was further reduced, pursuant to a November 1, 2011, amendment to Guideline Section 2D1.1(c), from the amended range of 210 to 262 months to a new amended range of 168 to 210 months.  Williams' sentence of 148 months is already below the new amended range, however.  Under Guideline Section 1B1.10(b)(2)(A), which was also amended on November 1, 2011, Defendant's sentence may not be reduced below 168 months in this case.  That provision is binding on this Court.  See Dillon v. United States, 130 S. Ct. 2683, 2687 (2010).  The Motion for reduction of sentence will therefore be denied.

Based on the foregoing, and upon all the files, records and proceedings herein, **IT IS ORDERED:**

    1. Defendant's Rule 60(b) Motion (Doc. No. 186) is **DISMISSED;** and

    2. Defendant's Motion for Re-Sentencing (Doc. No. 188) is **DENIED.**

Dated:  February 1, 2012

                                          s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge